UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROGERIO CHAVES SCOTTON,

Plaintiff,

vs.

CASE NO.: 16-24636-Civ-KING
MAGISTRATE JUDGE P. A. WHITE

UNITED PARCEL SERVICE, INC.,

Defendant(s).
______________________________/

ROGERIO CHAVES SCOTTON,

Plaintiff,

vs.

CASE NO.: 16-24640-Civ-COOKE
MAGISTRATE JUDGE P. A. WHITE

FEDERAL EXPRESS CORPORATION,

Defendant(s).
______________________________/

ROGERIO CHAVES SCOTTON,

Plaintiff,

vs.

CASE NO.: 16-24641-Civ-GAYLES
MAGISTRATE JUDGE P. A. WHITE

DHL EXPRESS USA INC.,

Defendant(s).
______________________________/

# **REPORT OF MAGISTRATE JUDGE**

## I. Introduction

The Plaintiff, Rogerio Chaves Scotton, a federal prisoner, while confined at the D. Ray James Correctional Institution, in Folkston, Georgia, has filed the above three *pro se* civil rights complaints, pursuant to 42 U.S.C. §1983, arising from events

leading up to his arrest and federal prosecution.[1] (DE#1). The complaints are identical, with the exception that each names a different Defendant, as noted above.

He has filed an application to proceed *in forma pauperis* ("IFP"), pursuant to the provisions of 28 U.S.C. §1915, in each of the above cases. (DE#4). Although he has not attached his 6-month inmate account statement showing his prison account balance, Plaintiff clearly intends to proceed IFP. Under the circumstances, by separate court order, the plaintiff has been granted IFP status as to each. Thus, Plaintiff is now proceeding IFP and is subject to §1915(e)(2) screening requirements.

It is only where a Plaintiff is not proceeding IFP, that his pleadings are not subject to the screening provision of 28 U.S.C. §1915(e)(2). <u>See</u> <u>Farese v. Scherer</u>, 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, §1915(e) only applies to cases in which the plaintiff is proceeding IFP"); <u>see also</u>, <u>Thompson v. Hicks</u>, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(citations omitted). Regardless, whether the plaintiff is proceeding IFP or not, since Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his pleadings are subject to screening under 28 U.S.C §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. <u>See</u> 28 U.S.C. §1915A; <u>Thompson v. Hicks</u>, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(*per curiam*).

It is noted that pleadings drafted by *pro se* litigants must be liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part

[1]This action is more properly brought pursuant to pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A.

This Cause is presently before the Court for screening of the plaintiff's Complaints (DE#1), pursuant to 28 U.S.C. §1915(e) and 28 U.S.C. §1915A.

## II. Standard of Review

The Prison Litigation Reform Act ("PLRA") requires that the court review "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officers or employee of a governmental entity." 28 U.S.C. §1915A(a). On review, the district court is required to "identify cognizable claim or dismiss the complaint, or any portion of the complaint," if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted; or, seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(A)(b)(1), (b)(2).

In essence, §1915(A) is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing the complaint, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Complaints that lack any arguable basis in law or fact, nonetheless, may be dismissed. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Neitzke, 490 U.S. at 327; when the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 31 (1992); or, when it appears that the

plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

Dismissals for failure to state a claim are governed by the same standard as Fed.R.Civ.P. 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)"). Thus, a court may dismiss a complaint if the facts as pleaded do not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560-61, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)(abrogating Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir.2001).

In order to state a §1985 or §1983 claim, a plaintiff must demonstrate that (1) the defendant(s) deprived plaintiff of a right secured under the Constitution or federal law, and (2) that such a deprivation occurred under color of state law. See Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)(quoting Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979)(quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd.

Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[2]

## III. Facts Set Forth in the Complaints

Plaintiff sues United States Service (Case No. 16cv24636), Federal Express Corporation (Case No. 16cv24640), and DHL Express USA Inc. (Case No. 16cv24641) (jointly "Defendants"). He raises claims as to the Defendants arising from fraudulent misrepresentations, false pretenses, falsification of records, false claims, failure of trust, criminal negligence, failure of

[2]The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

proof, perjury, and defamation of character. (Cv-DE#1:1). Specifically, the Plaintiff claims the named corporate entities, individually, and/or by and through their owners, knew that the charges lodged by the federal government against the Plaintiff in United States v. Scotton, U.S. District Court, S.D. of Fla, Case No. 12-60049-Cr-Moreno, were maliciously and fraudulently obtained. (Id.:2-3). Plaintiff states that the representations made by the respective Defendants resulted in his arrest on or about March 15, 2012.[3] He maintains the Defendants entered into a "non-prosecution" agreement with the government, on or about March 29, 2013, and then employees of the respective Defendants testified at the Plaintiff's criminal trial. (Id.). Plaintiff suggests that these Defendants did not suffer losses due to false billing or illusory and misleading spreadsheets, as alleged by the government during its case in chief in the criminal prosecution of the Plaintiff. (Id.).

## IV. Discussion

It is well settled law that federal courts must "look behind the label" of an inmate's *pro se* filings and determine whether there is any framework under which his claims might be cognizable. United States v. Nickson, 521 Fed.Appx. 867, 868 (11th Cir. 2013)(quoting, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990).

A complaint is subject to dismissal for failure to state a

[3]In his §1983 action against Federal Express, Case No. 16-24640-Civ-Cooke, the Plaintiff lists his arrest date as March 15, 2016. (16cv24640:DE#1:3). This appears to be a typographical error. Regardless it is not dispositive issue for purposes of screening of the case.

claim if the allegations, taken as true, show the plaintiff is not entitled to relief. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 290, 166 L.Ed.2d 798 (2007). "Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." Almand v. DeKalb County, Ga., 103 F.3d 1510, 1512 (11th Cir. 1997)(citation omitted). Further, §1983 is not meant to replace state tort law, it is only meant to provide a remedy for violations of federally protected rights. Id. at 1513 (citing Baker v. McCollan, 443 U.S. 137, 145-146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)). A successful §1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." See Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

Thus, to state a viable claim for relief in a 42 U.S.C. §1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution. American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); Willis v. University Health Serv's, Inc., 993 F.2d 837, 840 (11th Cir. 1993). The complaint is subject to dismissal for failure to state a claim upon which relief can be granted.

**A. Preiser/Heck Bar**

Plaintiff cannot maintain this action either under §1983 *or* Bivens to challenge the lawfulness of his federal arrest, his current detention, the criminal charges against him and the pending criminal conviction, because the Complaints are barred pursuant to

the doctrines set forth in Preiser and Heck. The Eleventh Circuit has specifically held that the Heck rule also applies to Bivens damages claims. See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 12, 1995)(citing Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994)).

In that regard, the Supreme Court has specifically held that a civil rights action is the appropriate course of relief for an inmate "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499-500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release ..., his sole federal remedy is a writ of habeas corpus."). See also Nelson v. Campbell, 541 U.S. 637, 643, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004)(explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. §1983).

Furthermore, the Supreme Court expressly held in Heck v. Humphrey that when an inmate's allegations rest on the invalidity of his imprisonment, his civil rights claim does not accrue until that invalidity is proven. 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). See also Edwards v. Balisok, 520 U.S. 641, 645, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)(extending *Heck* to certain types of due process challenges brought under §1983). The Supreme Court in Edwards remarked that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that §1983 claim, or here Bivens-

claim, claim must be dismissed unless the conviction has already been invalidated. Edwards, 520 U.S. at 487.

Thus, a claim for monetary damages that challenges a civil rights Plaintiff's incarceration is not cognizable under §1983 until the underlying criminal conviction has been reversed in favor of the criminal defendant. Heck, 512 U.S. at 483. See also Hust v. Wyoming, 372 Fed.Appx. 708, 710 (9th Cir. 2010)(district court properly dismissed arrestee's civil rights claims pursuant to *Heck* where arrestee did not even show that she had been to trial following her arrest, much less that the criminal proceedings against her were dismissed or otherwise resolved in her favor); Salas v. Pierce, 297 Fed.Appx. 874, 876 (11th Cir. 2008)(concluding that district court properly found that Heck barred Plaintiff's claim against Assistant District Attorney for conspiring with his counsel to coerce him into pleading guilty because Plaintiff had not alleged that his sentence or conviction had been reversed on appeal, and a judgment in favor of Plaintiff would necessarily call into question the validity of his guilty plea and his underlying conviction)(*citing*, Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372).

Careful review of the Plaintiff's criminal judgment of conviction, which he claims form the basis for this action against the named Defendants, reveals that his judgment of conviction has not yet become final. First, the evidence adduced at trial, and as succinctly set forth by the Eleventh Circuit on direct appeal, reveals as follows:

> Rogerio Chaves Scotton, a Brazilian national, owned several online retail stores. In order to ship the items he sold online, he opened a number of UPS, FedEx, and DHL Express accounts in his name or in the name of entities he controlled Whenever one of those accounts

> became delinquent, he would set up a new account in the name of another entity he controlled or in the name of an established business with which he was not associated. Scotton also lied to immigration officials about unrelated matters when he applied to become a legal permanent resident.

See United States v. Scotton, 647 Fed.Appx. 947 (11th Cir. 2016).

On April 12, 2016, the Eleventh Circuit affirmed the Plaintiff's convictions and sentences for 27 counts of mail fraud, in violation of 18 U.S.C. §13141, and 2 counts of making false statements to a governmental agency, in violation of 18 U.S.C. §1001(a)(2), in a written, but unpublished opinion. United States v. Scotton, 647 Fed.Appx. at 948. On **November 4, 2016,** the Plaintiff sought certiorari review with the United States Supreme Court, assigned Case No. 16-6749. The petition remains pending before that court. At this juncture, Plaintiff has not demonstrated, nor is there any evidence of record to suggest that his convictions have been overturned. Rather, it appears that he is still proceeding with further review, following affirmance on direct appeal.

**B. §1915(e) Dismissal**

Alternatively, the complaints are subject to dismissal for a separate reason. In each case, the Plaintiff names as a Defendant a private company.

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of

> Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

See 42 U.S.C. §1983; see also, Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1276 (11th Cir. 2003).

In order to state a claim, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and, (3) that the alleged deprivation was committed under color of state law. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999); Rayburn v. Hogue, 241 F.3d 1341, 1348 (11th Cir. 2001). To establish a deprivation under "color of state law" or "state action," a Plaintiff must allege a "constitutional deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, *and* that the party charged with the deprivation must be a person who may fairly be said to be a state actor." See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. at 50 (internal questions omitted)(emphasis in original). "Only in rare circumstances can a private party be viewed as a state actor for section 1983 purposes." Rayburn, 241 F.3d at 1347 (internal quotations and alterations omitted).

More specifically, when determining whether actions of a

private entity are attributable to the state or government, the Eleventh Circuit employs three distinct tests to ascertain whether state action exists to support a §1983 action: "'(1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. The public function test limits state action to instances where private actors are performing functions 'traditionally the exclusive prerogative of the state.' The state compulsion test limits state action to instances where the government 'has coerced or at least significantly encouraged the action alleged to violate the Constitution' The nexus/joint action test applies where 'the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise.'" Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003). The determination whether a state action is present from a non-state actor is made on a case-by-case basis. See Id. (citing Willis v. Univ. Health Services, Inc., 993 F.2d 837, 840 (11th Cir. 1993)(quoting National Broad. Co., Inc. ("NBC") v. Communications Workers of Am., AFL-CIO, 860 F.2d 1022, 1026-27 (11th Cir. 1988)) (other citations omitted).

Plaintiffs suggests here that his criminal conviction was unlawfully obtained based on fraudulent information provided by the three named corporate entities. However, nowhere does the Plaintiff demonstrate that he meets one of the three tests that permit allowing a private entity to be viewed as a state/federal actor. See Brown v. Lewis, 361 Fed.Appx. 51, 54 (11th Cir. 2010). Moreover, as applied here, the government in the underlying criminal case did not coerce or "insinuate itself into a position of interdependence with" the named Defendants such that Plaintiff can satisfy the "Government/State compulsion" or "nexus/joint action" tests. See Id.; Rayburn, 241 F.3d at 1347. Thus, the complaints are subject to

dismissal for failure to state a claim upon which relief can be granted.

Further, the fundamental problem with Plaintiff's claims for violation of his constitutional rights is that he seeks to hold the Defendants, private companies, responsible for purported violations of his constitutional rights. The Plaintiff here does not have a viable claim for relief against the Defendants, private run corporate entities, under either §1983 or Bivens. Specifically, Plaintiff is alleging violation of constitutional rights arising from a federal and not state prosecution.

Section 1983 does not provide a cause of action against federal officers for violating a party's federal constitutional rights. See 42 U.S.C. §1983. Rather, such a cause of action arises under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 397, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971). Nevertheless, the Supreme Court has declined to expand Bivens to encompass a suit against private corporations acting under color of federal law. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 71, 74, 122 S.Ct. 515, 521, 523, 151 L.Ed.2d 456 (2001). Regardless, the Plaintiff has not alleged, let alone demonstrated that the named Defendants were acting under color of federal law. See Wilkie v. Robbins, 551 U.S. 537, 550, 127 S.Ct. 2588, 2598, 168 L.Ed.2d 389 (2007). For this alternative reason, the complaint is subject to dismissal.

### C. Construed as a §2255 Motion to Vacate

To the extent the Plaintiff is attempting to challenge the constitutionality of his convictions and sentences, entered in the previously mentioned criminal case, such claims are properly brought in a motion to vacate, set aside, or correct a sentence,

pursuant to 28 U.S.C. §2255. See 28 U.S.C. §2255, ¶1.

At this juncture, however, any such filing would be dismissed for lack of jurisdiction because the Plaintiff is currently seeking certiorari review following affirmance of his convictions and sentences on direct appeal. Therefore, until Plaintiff's judgment becomes final on direct review, he cannot return to this court to collaterally attack the conviction by way of a §2255 motion to vacate. The movant is further reminded that, once his conviction becomes final on direct appeal, he has one year from that date upon which to timely return to this court and file his §2255 motion.

## V. Conclusion

For all of the foregoing reasons, it is recommended that the foregoing three cases be dismissed, pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted and as frivolous, Carroll v. Gross, et al., 984 F.2d 392, 393 (11th Cir. 1993); and, that this cases be closed.

Dismissal with leave to amend would not be appropriate here because an amendment would be futile in that any amended complaint on the basis of the allegations now presented and attempted claims would still be properly dismissed. See Judd v. Sec'y of Fla., 2011 WL 2784422, *2 (M.D.Fla. June 3, 2011)(recommending that Plaintiff not be permitted to file an amended complaint in light of the Eleventh Circuit’s decision in Johnson in that any amended complaint would be frivolous). See generally Spaulding v. Poitier, 548 Fed.Appx. 587, 594 (11th Cir. 2013)(holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile)(citing, Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir.

2007).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 21st day of November, 2016.

UNITED STATES MAGISTRATE JUDGE

cc: Rogerio Chaves Scotton, Pro Se
Reg. No. 99370-004
D. Ray James Correctional Institution
Inmate Mail/Parcels
Post Office Box 2000
Folkston, GA 31537